UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| EDDIE DEAN HALL | ) | |
| | ) | |
| v. | ) | NO. 2:05-CV-264 |
| | ) | |
| STATE OF TENNESSEE and | ) | |
| HOWARD CARLTON, Warden, | ) | |

# MEMORANDUM OPINION

Eddie Dean Hall, a state prisoner serving a life sentence without the possibility of parole, filed this *pro se* petition for a writ of habeas corpus under 28 *U.S.C.* § 2254, challenging his 1996 Cocke County conviction for first degree murder.[1] The respondents moved to dismiss the petition and the matter was referred to United States Magistrate Judge Dennis H. Inman for a report and recommendation (R & R). After conducting a review of the petition, the motion, and other filings of the parties, Judge Inman submitted his Report and Recommendation. The Magistrate

---

[1] The petitioner is also serving a concurrent life sentence with no possibility of parole under a Greene County conviction for first degree murder. *See Hall v. State of Tennessee*, Civil Action No. 2:06-cv-10.

Judge recommends that the Court grant the respondents' motion to dismiss the petition as time-barred. The petitioner has filed a timely objection. *See* Fed. R. Civ. P. 72(b).

After conducting a *de novo* review of the record, the Court is of the opinion that the petitioner's argument and objection have no merit. The Court agrees with the Magistrate Judge that the petition is untimely and that it should be dismissed. Therefore, the Court will DENY the petitioner's objection, will ACCEPT and ADOPT the report and recommendation, and will GRANT the respondents' motion to dismiss.

The petitioner has no objection to the finding in the report that his § 2254 application was filed outside the one-year statute of limitations in 28 *U.S.C.* § 2244(d)(1),[2] nor does he "necessarily disagree" that he must establish actual innocence to justify equitable tolling of the statute. Instead, he takes exception to the

---

[2] In accord with binding law in the Sixth Circuit at that time, *see Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003) (*en banc*), the Magistrate Judge found that the statute of limitations was tolled while the petitioner sought certiorari review of his post-conviction application in the Supreme Court. After the Magistrate Judge issued the report and recommendation, the Supreme Court held to the contrary. *Lawrence v. Florida*, 127 S. Ct. 1079 (2007) (ruling that the filing in the Supreme Court of a petition for certiorari for review of a post-conviction petition does not toll the statute of limitations in § 2244(d)(2)). This new ruling does not affect the outcome here because, applying *Lawrence*, the § 2254 petition is even more untimely than calculated by the Magistrate Judge.

Magistrate Judge's conclusion that he failed to make the requisite showing of actual innocence to surmount § 2244's time bar.

As the Magistrate Judge pointed out in his R & R, in an extraordinary case, the statute of limitations may be equitably tolled based on a claim of actual innocence. (Doc. 18 at 3-4). However, a credible claim of innocence requires a petitioner to produce new reliable evidence, not presented at trial, demonstrating that it is more likely than not that no reasonable juror viewing the entire record would have convicted him of the charged offense. *Souter v. Jones*, 395 F.3d 577, 588-89 (6th Cir. 2005). The evidence of innocence must be so strong that it undermines confidence in the outcome of the trial. *Id.* at 589-60.

The petitioner suggests that, indeed, he did offer new evidence of actual innocence in one of his submissions, where he pointed to the affidavit of Alvin Dean Shaver, his co-defendant. (Doc. 19, Petitioner's Objection to Magistrate Judge's Report and Recommendation at 2-3). The supposed affidavit reputedly states that "[Hall] didn't have nothing to do with [the charged murders]." (*Id.*). The petitioner refers the Court to page 5 of his Summary of the Facts Supporting Each Ground for Relief as the section where the affidavit is discussed. (Doc. 10).

The Court has read the portion of the petitioner's filing to which he refers, and it does not involve co-defendant Shaver's affidavit. Rather, it involves Mr. Shaver's testimony at the petitioner's post-conviction hearing. Moreover, the testimony does not constitute new, reliable evidence so as to support his claim of innocence. This is so because the state trial court, sitting as the fact finder, found Mr. Shaver not to be "a credible witness." *See Hall v. State*, 2004 WL 438332 * 4 (Tenn. Crim. App. Mar. 10, 2004).

The Court agrees with the Magistrate Judge that petitioner has not offered new—and, certainly, not credible—evidence of actual innocence which would justify the extraordinary result of avoiding the statute of limitations. There is no need for a hearing to allow him to present and argue such evidence.

The Court must now decide whether to issue a certificate of appealability (COA). The petitioner qualifies for issuance of a COA if he has made a substantial showing of the denial of a constitutional right; he makes such a showing by demonstrating that reasonable jurists might question the correctness of the Court's procedural ruling or its assessment of his constitutional claims. *See Slack v. McDaniel,* 529 U.S. 473 (2000).

The Court has found that the petition is untimely and does not believe that jurists of reason would question whether it is timely or conclude that the timeliness or actual-innocence issues "are adequate to deserve encouragement proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Therefore, the Court will **DENY** issuance of a COA. 28 *U.S.C.* § 2253; Fed. R. App. P. 22(b).

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
